Chief Justice Marshall
delivered the opinion of the Court.
We have no doubt that a sale of property, to be paid for at its fair value — or at more than its fair value — in a certain event of a pending election, and not to be paid for at all, or to be paid for at more or less than its real value, as understood between the parties, in a different event of the same election, is in substance a bet upon the result of the election; and any variation in the mere form of the transaction, or in the words describing it, will not change the substance of the thing, if it appear that the real effect is intended tobe that one party may lose and the other may gain money or property, or the representative of either, according as an election may terminate for or against a particular person, or may result in one way or another. In any such case the transaction, in whatever form it may be clothed, is really a bet upon an election ; and if the election be one authorized and protected by the laws, and of which the purity and freedom are of public interest and importance, the transaction, both on the ground of public policy and of statutory inhibition, is illegal, and has, by the statutes of this state, been generally *329 made penal. But it is not a penal offense, under any statute, to bet that a certain individual will not be elected to a certain office at a certain election, unless he is a candidate for that office, or is voted for to fill it, or is intended or expected to be voted for, or is expected to be a candidate for it. It is not a statutory offense to bet that a man will not be a candidate for a particular office; and unless he be a candidate, or be voted for or proposed, it may not be an offense to bet either that he will or that he will not be elected. There must be an election taking place, or about to take place, in which he is or will be a candidate, or proposed in some way for the choice of the electors.
2. It is necessary in an indictment for bet ting on elections that a certain individual would or would not be elected, to aver that the individual was a candidate, or was proposed or voted for for the office.
While therefore we are of opinion that each of these indictments states facts which may show that the defendant made a bet on the election or non-election of a certain individual to the office of sheriff of Boyle county, at the election of 1854, we are of opinion that it is defective in not stating that he was a candidate, or voted for, or in any manner proposed to the electors to be chosen for that office at that election.
Wherefore the judgment in each case is affirmed.